THOMAS BEAUREGARD CLARKE *v.* STATE
OF MARYLAND

[No. 392, September Term, 1969.]

*Decided June 24, 1970.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Bernard F. Goldberg* for appellant.

*Francis X. Pugh, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Richard
J. Kinlein, State's Attorney for Howard County,* and
*Charles E. Wehland, Assistant State's Attorney for How-
ard County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was convicted in a non-jury trial in the Cir-
cuit Court for Howard County of violating Md. Code, Art.
66½, Sec. 72, which provides, in part, that "Any per-
son * * * who has in his possession any vehicle which
he knows or has reason to believe has been stolen or un-
lawfully taken * * * is guilty of a felony * * *." He was
fined $1,000 and sentenced to three years imprisonment
which sentence was suspended. In this appeal it is con-
tended that "the court erred in refusing defendant's mo-
tions for a judgment of acquittal, both at the close of the
State's case and at the close of the entire case."

The appellant took the stand in his own defense and
also called a witness on his behalf. In doing so, he with-
drew his motion for judgment of acquittal offered at the
conclusion of the State's case, Md. Rule 755 b, and that
issue is not properly before us. *Iozzi v. State,* 5 Md. App.
415. We cannot agree with his second contention that the
denial of his motion for judgment of acquittal made at
the conclusion of the entire case should have been granted.

The record indicates that a 1967 Dodge Polara sedan
was rented in New York from Avis Rent-A-Car Sys-
tems, Inc. by a purported Dr. John W. Best on May 23,

1967. When the car was not returned by September 8, 1967, the matter was reported to the New York Police and Avis paid the purchase price to the manufacturer from whom the car was being leased.

The same vehicle was driven into appellant's automobile repair shop for repairs on September 14, 1967, by a man, according to appellant, wearing an army uniform who identified himself as Sgt. Charles Whitmore, stationed at Ft. Meade, Maryland. The "work sheet" and "estimate" produced by appellant showed that the repairs were to cost $700 and that a $100 deposit was paid. The Sergeant called appellant three days later inquiring when the repairs would be completed but, according to appellant, was never heard from thereafter. From the time the repairs were completed until March 15, 1968, when the vehicle was impounded by the Maryland State Police, the car was used once or twice a week either by appellant or his employees "to keep the battery charged and keep the car limbered up", "to pick up the mail" or to go "a mile down the road to pick up a part or something."

When the car first arrived at appellant's garage, it had out-of-state license plates. Appellant could not remember from which state the plates were issued, but he "thought it was Florida." When the out-of-state license plates expired sometime "after the first of the year", appellant had them removed and replaced them with a set of plates for another car registered in his own name. The car contained no registration card or other papers which would identify its owner.

On March 15, 1968, Trooper Edward Sweetman stopped a Volkswagen being driven by appellant which had no front Maryland license tag and the Dodge Polara in question being driven by a friend of appellant which was following the Volkswagen and which appeared to the officer to have faulty equipment. It appears that appellant was returning to his garage after picking up the Volkswagen from another repair shop and had asked the friend to follow him in the Dodge.

In the process of checking the Dodge's ownership, the

trooper discovered that the tags were issued for another car owned by appellant. The trooper then attempted to ascertain the serial number, which is normally affixed to the door post, and "noticed on the left front door post, that there were two rivets there, but—and also scratch marks, and that the manufacturer's identification number had been removed."

The car was impounded and later that evening the serial number was obtained from a hidden location on the vehicle by a representative of the National Auto Thief Bureau and it matched the serial number of the car "rented" from Avis nearly ten months earlier.

In this setting, it is contended that the evidence was legally insufficient to sustain appellant's conviction.

The gravamen of Md. Code, Art. 66½, Sec. 72, is the possession of a vehicle which the accused "knows or has reason to believe has been stolen or unlawfully taken * * *." Proof of knowledge by the accused that the car had been stolen or unlawfully taken is one facet of the statute and would constitute sufficient evidence to convict. Such knowledge may be proved, as any other fact, by evidence establishing that the accused has "actual or direct knowledge" that the car was unlawfully taken, as, for example, that he unlawfully took the car himself, or by circumstantial evidence which permits a rational inference that the accused, although he denies it, knows the car was unlawfully taken. Moreover, as this Court said in *Greenway v. State*, 8 Md. App. 194, it is a well recognized rule of law that an individual "with an unlawful purpose in mind, who deliberately 'shuts his eyes' to avoid knowing what would otherwise be obvious to view, acts at his peril in this regard as far as the criminal law is concerned, and is treated as having 'knowledge of the facts as they are ultimately discovered to be'. Perkins, *Criminal Law* (1957), pp. 684-685 :"

However, proof that the accused "knew" the car was unlawfully taken is not required to sustain a conviction under the statute for the statute contains a separate and alternative prong, namely, that the accused "has reason

to believe" the vehicle was stolen or unlawfully taken. Here, the evidence adduced at trial showed that appellant, who for many years was in the business of handling automobiles, was in possession of the vehicle in question for a period of approximately six months with no communication from the individual who delivered the car to the shop. Moreover, the car, which was practically new, contained no registration card or other papers which would identify its owner and the plate containing the manufacturer's identification number had been removed from its usual position on the door post. Although appellant testified that he did not know that the plate had been removed, the trial judge found, and we cannot say that he was clearly wrong, that while it was possible that appellant did not notice the absence of the serial number immediately, "[i]t is incredible to me that he didn't find it out sooner or later."

Under the circumstances, we find that there was sufficient evidence presented from which the trial judge could be fairly convinced, beyond a reasonable doubt, that appellant had "reason to believe" the vehicle in his possession had been stolen or unlawfully taken. Accordingly, we cannot say that the judgment of the lower court was clearly erroneous. Md. Rule 1086.

*Judgment affirmed. Appellant to pay costs.*